IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>ROUGE INDUSTRIES, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 03-13272 (MFW) |
| ROUGE STEEL COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>OMNISOURCE CORPORATION – FORT WAYNE BROK,<br><br>Defendant. | Adv. Pro. No. 05-52242 (PBL) |

## MOTION FOR LEAVE TO APPEAL UNDER 28 U.S.C. § 158(a)

Pursuant to 28 U.S.C. § 158(a) and Federal Rules of Bankruptcy Procedure 8001 and 8003, Plaintiff, Rouge Steel Company ("Rouge" or "Plaintiff") hereby moves for leave to appeal to the United States District Court for the District of Delaware from the Memorandum And Order Denying Motion Of Plaintiff For Leave To File An Amended Complaint (the "Memorandum and Order"), dated January 19, 2006, a copy of which is attached hereto.[1]

      A.    Statement Of The Facts Necessary To An Understanding
              Of The Questions To Be Presented By The Appeal

On August 4, 2005, Rouge filed the captioned adversary proceeding seeking to recover, pursuant to 11 U.S.C. §§ 547 and 550, various transfers made to OmniSource Corporation-Fort Wayne Brok, ("OmniSource" or "Defendant") during the 90 days prior to

---

[1] Plaintiff is authorized to inform the Court that Defendant does not oppose this motion.

Rouge's bankruptcy filing (the "Preference Period"). Although Rouge intended to sue OmniSource for transfers totaling approximately $3 million, Exhibit A to the Complaint inadvertently and erroneously identified a separate set of transfers totaling only $70,000. In addition, although the Complaint was filed more then eleven weeks prior to the expiration of the statute of limitations, Rouge did not discover the error until November 4, 2005, twelve days after the statute of limitations for filing preference complaints expired. On that day, Rouge's counsel filed Plaintiff's Motion For Leave To File An Amended Complaint ("Motion to Amend") to correct the error. The Motion to Amend was denied by the Memorandum and Order.

More specifically, since at least June 20, 2002, and at OmniSource's request, Rouge had in its transaction data systems two different files for OmniSource detailing two separate sets of transactions. One was titled "OmniSource Corporation-Fort Wayne Brok" and contained data evidencing transfers by Plaintiff during the Preference Period of $2,903,343.83. The other file, titled "OmniSource Corporation-Fort Wayne," reflected approximately $70,000 in Preference Period transfers. (Adv. D.I. 28, Ex. A ¶12).

On September 21, 2004, more than one year prior to the expiration of the statute of limitations, Rouge sent a letter to OmniSource Corporation-Fort Wayne Brok stating that payments in the amount of at least $2,903,343.83 were made by Rouge to OmniSource Corporation-Fort Wayne Brok during the Preference Period. (Adv. D.I. 24, Ex. 4). In response to OmniSource Corporation-Fort Wayne Brok's counsel's request for documentary support for the claim, on November 19, 2004, Plaintiff's counsel provided documents that specifically and in detail identified the Preference Period transfers at issue, totaling $2,903,343.83, and the more than 400 invoices paid by those transfers (Id., Ex. 5). With that letter Rouge also enclosed copies of the cancelled checks evidencing the transfers at issue (Id.; Adv. D.I. 28, Ex. A ¶5-8)).

The above communications did not result in a resolution of Rouge's preference claims. Therefore, on August 4, 2005, more then 11 weeks prior to the expiration of the statute of limitations, Rouge filed its Complaint against OmniSource Corporation-Fort Wayne Brok, seeking to avoid and recover the transfers made to that Defendant (the "Fort Wayne Brok Transfers"). On November 4, 2005, 12 days after expiration of the statute of limitations, Plaintiff's counsel discovered that the wrong exhibit had been attached to the Complaint. Specifically, an exhibit listing the approximately $70,000 of transfers to the vendor identified by Rouge as "OmniSource Corporation-Fort Wayne" had been attached to the Complaint rather then the correct exhibit listing the approximately $3,000,000 in transfers to Defendant "OmniSource Corporation-Fort Wayne Brok." The Complaint explicitly identifies "OmniSource Corporation-Fort Wayne Brok" as the Defendant – in the caption and in the text – while the Exhibit A clearly identifies and lists transfers to "OmniSource Corporation-Fort Wayne." Moreover, the Summons and Notice of Pre-Trial Conference was served on "OmniSource Corporation-Fort Wayne Brok." (Adv. D.I. 2). And, consistent with what Rouge intended and attempted to allege in the Complaint, the docket for this adversary proceeding reflects that the amount of Plaintiff's "demand" is $3 million. Finally, the Complaint contains broad language and seeks to avoid all transfers made to Defendant OmniSource Fort Wayne Brok during the Preference Period, not just the transfers listed on Exhibit A. (Adv. D.I. 1, ¶7).

As stated above, on the same day the error was discovered, Plaintiff's counsel filed the Motion to Amend seeking only to substitute the correct Exhibit A for the incorrect one.

    B.    Statement Of The Question To Be Presented By The Appeal And The Relief Sought

The question to be presented by the appeal is whether the Bankruptcy Court erred as a matter of law in denying the Motion to Amend on the ground that the amendment would be

3

futile because the Motion to Amend was filed after the expiration of the statute of limitations. The relief sought is a reversal of the Order appealed from and a remand with instructions to grant the Motion to Amend.

    C.    Statement Of The Reasons Why An Appeal Should Be Granted

Neither 28 U.S.C. § 158(a) nor Rule 8003 of the Federal Rules of Bankruptcy Procedure sets forth criteria for district courts to evaluate in determining whether to grant leave to appeal interlocutory bankruptcy orders. However, this Court has looked for guidance to the standard set forth under 28 U.S.C. § 1292(b) governing interlocutory appeals to the courts of appeals from orders of district courts. See Marvel Ent't Group, Inc. v. Chase Manhattan Bank, 209 B.R. 832, 837-838 (D. Del. 1997); and see, In re Sandenhill, Inc., 304 B.R. 692 (E.D. Pa. 2004). Under § 1292(b), an interlocutory order may be appealed where a district court certifies that: (1) the order from which the appeal was taken involves a controlling question of law; (2) there is substantial ground for difference of opinion as to the controlling question of law; and (3) an immediate appeal may materially advance the ultimate termination of the litigation.

    (1).    The bankruptcy court's order involves a controlling question of law. A controlling question of law, at the very least, encompasses a ruling which, if erroneous, would be reversible error on final appeal. Katz v. Carte Blanche Corp., 496 F.2d 747, 755 (3rd Cir. 1974) (en banc). The bankruptcy court's memorandum and order denies Plaintiff the opportunity to pursue a preference action with respect to almost $3 million in payments. If erroneous, that order would clearly be reversible error on a final appeal.

    (2).    While the requirement that there be a substantial difference of opinion as to the controlling issue of law has been found not to fit well in the analysis to be made under 28 U.S.C. § 158(a) and Rule 8003, see In re Marvel Ent't Group, Inc., at 837-838, it is submitted

that the bankruptcy court's decision not to allow Plaintiff's claim with respect to the $3 million in transfers to be litigated on the merits, but to be dismissed on statute of limitations grounds, presents substantial grounds for a difference of opinion.

As noted by the court in Limor v. Buerger (In re Del-Met Corp.), 322 B.R. 781 (Bankr. M.D. Tenn. 2005), there is disagreement between bankruptcy courts, including courts within this district, as to the requirements for permitting a relation-back amendment of a preference complaint under Rule 15 of the Federal Rules of Civil Procedure, made applicable by Rule 7015 of the Federal Rules of Bankruptcy Procedure. Id. at 795. Some courts, on the one hand, deny a relation back amendment of a preference complaint if the original complaint does not state with great specificity the elements of a preference, while others hold that requiring such specificity in preference complaints is contrary to the notice pleading standards envisioned by the Federal Rules of Civil Procedure. Id.; compare Peltz v. CTC Direct, Inc. (In re MCB Greenhouse, Co.), 307 B.R. 787, 792-93 (Bankr. D. Del. 2004) (denying leave to amend a complaint on the grounds that the complaint was not sufficiently specific to cover all transfers that may have occurred within the ninety day period prior to the petition date), and TWA Inc. Post Confirmation Estate v. Marsh USA, Inc. (In re TWA Inc. Post Confirmation Estate), 305 B.R. 228, 232-33 (Bankr. D. Del. 2004) (granting a motion to dismiss because the preference complaint did not state all of the following: 1) the nature and amount of the antecedent debt; 2) an identification of each transfer; 3) the name of each transferee; and 4) the amount of each transfer), with Global Link Liquidating Trust v. Avantel (In re Global Link Telecom Corp.), 327 B.R. 711 (Bankr. D. Del. 2005) (granting leave to amend a complaint on the grounds the complaint was sufficiently specific to cover all transfers that may have occurred within the ninety day period prior to the petition date), and Neilson v. Sheri Southern (In re Webvan Group,

Inc.), Adv. No. 03-54375, 2004 WL 483580, at *2 (Bankr. D. Del. March 9, 2004) (stating its disagreement with the heightened pleading standard set forth in TWA).

In the instant case, the bankruptcy court, in denying Plaintiff leave to amend the Complaint, relied on those decisions that appear to require pleading standards greater than normally exist under notice pleading. See Memorandum and Order at pp. 5-6. Based on the conflicting decisions regarding the requirements for a relation-back amendment of a complaint and the pleading requirements for a preference complaint, it is clear that the bankruptcy court's decision involves a controlling issue of law for which there is a substantial ground for difference of opinion.

(3). An immediate appeal of the bankruptcy court's Memorandum and Order may – and almost certainly will – materially advance the ultimate termination of the litigation in this case. It is in the interests of the parties and the Courts that the issue of whether this adversary proceeding will go forward as a case involving almost $3 million in transfers by Rouge to OmniSource-Fort Wayne Brok during the Preference Period or $70,000 of transfers be promptly decided. That issue must be resolved sooner or later. Resolving it sooner will allow the parties to litigate all transfers at issue at one time, rather than potentially in two separate trials. Moreover, a trial with respect to the $3 million in transfers in the near future, if amendment of the Complaint is permitted, will avoid the possibility that relevant facts concerning those transfers may be lost or become less clear as a result of the passage of time. On the other hand, there appears to be no prejudice to either of the parties or the Courts from permitting an appeal to be taken now.

D.  Conclusion

For the foregoing reasons, Rouge respectfully requests that this Motion be granted.

Dated: January 27, 2006

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ William H. Sudell, Jr.*
_____
William H. Sudell, Jr. (#463)
Donna L. Culver (#2983)
1201 Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
Phone: (302) 658-9200
Fax:    (302) 658-3989

Attorneys for Plaintiff, Rouge Steel Company

503864v6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>ROUGE INDUSTRIES, INC., *et al.*,<br><br>　　　　　Debtors. | Chapter 11<br><br>Case No. 03-13272 (MFW) |
| ROUGE STEEL COMPANY,<br><br>　　　　　Appellant,<br><br>　　v.<br><br>OMNISOURCE CORPORATION – FORT WAYNE BROK,<br><br>　　　　　Appellee. | <br><br>Civil Action No. _____ |

**ORDER GRANTING MOTION FOR LEAVE TO APPEAL
UNDER 28 U.S.C. § 158(a)**

WHEREAS, Plaintiff filed the Motion for Leave to Appeal Under 28 U.S.C. § 158(a) (the "Motion");

WHEREAS, Defendant does not oppose the relief requested in the Motion;

WHEREAS, upon consideration of the arguments in support of the Motion, and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted therein;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.　　The Motion is GRANTED and the Plaintiff is granted leave to file an interlocutory appeal of the Bankruptcy Court's Memorandum And Order Denying Motion Of

2

Plaintiff For Leave To File An Amended Complaint, dated January 19, 2006.

Dated: February ____, 2006

_____
UNITED STATES DISTRICT JUDGE

# TRANSMITTAL SHEET FOR APPEAL SUBMITTED TO U.S. DISTRICT COURT

**Adversary Case #:** 05-52242-(PBL)-Rouge Steel Company v. Ominisource Fort Wayne Brok,

**Related Bankruptcy Case #:** 03-13272 (PBL)-Rouge Industries, Inc., et. al.

**Deputy Clerk Transferring Case:** Sandra Jackson

**Case Type:** Adversary

**Nature of Suit: (454-)-Recover Money/Property**

**Cause of Appeal**- Memorandum and Order Denying Motion of Plaintiff for Leave to File an Amended Complaint-Order signed on 1/19/06; Docket #35

**Parties:** Rouge Steel Company V. Omnisource Corporation-Fort Wayne Brok,

**Appellant Counsel:**  **William H. Sudell, Jr.**
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899
usa
302 658-9200
Fax : 302-658-3989
Email: wsudell@mnat.com

**Appellee Counsel**  **James C. Carignan**
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 Market Street
Wilmington, DE 19801
302-777-6500
Fax : 302-421-8390
Email: carignaj@pepperlaw.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

Clerk of Court  
David D. Bird

824 Market Street  
Wilmington DE 19801  
(302) 252-2900

**Date: February 22, 2006**

To: Clerk of the Court  
    U.S. District Court  
    District of Delaware  
    Wilmington, DE 19801

Re:     **Adversary Case 05-52242 (PBL)-AP #06-7**  
        **Related BK Case 03-13272 (PBL)**

        **Re: Rouge Steel Company V. Omnisource Corporation-Fort Wayne Brok,**

Enclosed is the PDF of the Transmittal relating to Appeal #06-7 along with of the Notice of Appeal; Appealable Order; Motion for Leave to file Appeal.
Please acknowledge receipt of the above transferred record by completing the information below.

        Sincerely,

        David Bird, Clerk

        By: <u>Sandra Jackson</u>  
            Deputy Clerk

I hereby acknowledge receipt of the above transferred record this _____ day of _____, 2005.

By: _____  
    U.S. District Court, District of Delaware