IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE:

ROUGE INDUSTRIES, INC., *et al.*,

        Debtors.

---

ROUGE STEEL COMPANY,

        Plaintiff,

    v.

OMNISOURCE CORPORATION – FORT WAYNE BROK,

        Defendant.

Chapter 11

Case No. 03-13272 (MFW)

Adv. Pro. No. 05-52242 (PBL)

## **NOTICE OF APPEAL**

Plaintiff, Rouge Steel Company ("Plaintiff"), appeals under 28 U.S.C. § 158(a) from the Memorandum And Order Denying Motion Of Plaintiff For Leave To File An Amended Complaint (the "Memorandum and Order"), entered in this adversary proceeding on January 19, 2006, a copy of which is attached hereto.

The names of the parties to the Memorandum and Order appealed from, and the names, addresses and telephone numbers of their respective attorneys are as follows:

| **PARTY** | **ATTORNEYS** |
|---|---|
| Appellant, Rouge Steel Company | William H. Sudell, Jr., Esquire<br>Donna L. Culver, Esquire<br>Morris, Nichols, Arsht & Tunnell LLP<br>1201 N. Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, DE  19899-1347<br>p) 302-658-9200<br>f)  302-658-3989 |
| Appellee, OmniSource Corporation – Fort Wayne Brok | David M. Fournier, Esquire<br>James C. Carignan, Esquire<br>Pepper Hamilton LLP<br>Hercules Plaza, Suite 5100<br>1313 Market Street<br>Wilmington, DE  19801<br>p) 302-777-6500<br>f)  302-421-8390<br><br>- and -<br><br>Anne E. Simerman, Esquire<br>Thomas P. Yoder, Esquire<br>Barrett & McNagny, LLP<br>215 East Berry Street<br>P.O. Box 2263<br>Fort Wayne, IN  46801-2263<br>p) 260-423-9551<br>f)  260-423-8920 |

Dated:  January 27, 2006

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*Will H. Sudell*

William H. Sudell, Jr. (#463)
Donna L. Culver (#2983)
1201 Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
p)  (302) 658-9200
f)  (302) 658-3989

Attorneys for Appellant/Plaintiff,
    Rouge Steel Company

503326v2

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| ROUGE INDUSTRIES, INC., *et al.*, | : | Case No. 03-13272    (MFW) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| ROUGE STEEL COMPANY, | : | |
| | : | Adversary Proceeding No. |
| Plaintiff, | : | |
| v. | : | A 05-52242    (PBL) |
| | : | |
| OMNISOURCE CORPORATION – FORT | : | Related Documents: 24, 27, 28 |
| WAYNE BROK, | : | |
| | : | |
| Defendant. | : | |
| | : | |

### MEMORANDUM AND ORDER DENYING MOTION OF PLAINTIFF
### FOR LEAVE TO FILE AN AMENDED COMPLAINT

The matter before the Court is the Motion of the plaintiff, Rouge Steel Company

("Plaintiff"), for Leave to File an Amended Complaint (the "Motion"). Defendant, OmniSource

Corporation – Fort Wayne Brok ("Defendant") opposes the Motion. For the reasons set forth

below, the Motion will be denied.

### I. Background

This adversary proceeding was commenced by Plaintiff on August 4, 2005 seeking to

avoid and recover two allegedly preferential transfers pursuant to §§ 547 and 550 of the

1

Bankruptcy Code[1] in the amount of approximately $70,000.00. Defendant filed its Answer to the Complaint on September 6, 2005, wherein Defendant admits that it received "check number 0106495 in the amount of $32,598.58 and check number 0109608 in the amount of $37,642.36 from the Plaintiff during the ninety day period immediately preceding the commencement of the Debtor's bankruptcy case." (Answer, at ¶ 7)

According to Plaintiff's Motion, the parties had been in contact prior to the filing of the Complaint, regarding two different sets of transfers that were allegedly made to Defendant during the preference period. One set of transfers of approximately $70,000.00 was made to "OmniSource Corporation – Fort Wayne." The other set was allegedly made to "OmniSource Corporation – Fort Wayne Brok" in the amount of approximately $3,000,000.00. During the course of discovery between the parties, Plaintiff discovered that the wrong exhibit had been mistakenly attached to the Complaint. Plaintiff states that it intended to seek avoidance and recovery of the $3,000,000.00 set of transfers made to OmniSource Corporation – Fort Wayne Brok and that it did not pursue the $70,000.00 set of transfers due to the perceived existence of certain defenses as to those transfers. (Plaintiff's Reply Brief in Support of Its Motion for Leave to File an Amended Complaint, at 2, fn. 2)

Plaintiff moves under Federal Rule of Civil Procedure 15, made applicable to this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7015(a), for leave to amend its Complaint to attach the correct exhibit. Defendant objects to the relief sought in the proposed Amended Complaint, claiming that it is barred by the applicable two-year statute of

---

[1] 11 U.S.C. §§ 101 et seq. References herein to statutory provisions by section number only will be to the Bankruptcy Code unless the contrary clearly appears.

2

limitations under § 546(a) and therefore, the amendment would be futile. Defendant is correct.

## II. Jurisdiction and Venue

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(b)(1), and it is a core proceeding under 28 U.S.C. § 157(b)(2), (A), (F) and (O). Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1409.

## III. Discussion

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings. It states in part, that "... a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). The Court in *Foman v. Davis*, 371 U.S. 178 (1962), has instructed that "the grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The *Foman* Court also articulated the instances in which leave should not be given: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Id.*, at 182.

As stated above, Defendant argues that Plaintiff's amendment to the Complaint is futile because Plaintiff filed its Motion to Amend after the applicable statute of limitations[2] for

---

[2] Section 546(a) provides:
(a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—
    (1) the later of—
        (A) 2 years after the entry of the order for relief; or
        (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or election occurs before the expiration of the period specified in subparagraph (A); or
    (2) the time the case is closed or dismissed.

bringing avoidance actions pursuant to § 547.

> "Futility" of amendment is shown when the claim or defense is not accompanied by a showing of plausibility sufficient to present a triable issue. Thus a trial court may appropriately deny a motion to amend where the amendment would not withstand a motion to dismiss. *See, Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990).

*Quality Botanical Ingredients, Inc. v. Triarco Indus., Inc. (In re Quality Botanical Ingredients, Inc.)*, 249 B.R. 619, 629 (Bankr. D.N.J., 2000).

In this instance, Plaintiff is seeking to amend its Complaint to add a completely different set of alleged transfers totaling approximately $3,000,000.00. Plaintiff's Motion was filed on November 4, 2005, after the statute of limitations had run on October 23, 2005. Therefore, in order for Plaintiff to add the new transfers not contained in the Complaint, those transfers must relate back to the Original Complaint, otherwise the amendment will be futile.

Under Rule 15(c), an amendment will relate back to the original complaint when:

> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transactions, or occurrence set forth or attempted to be set forth in the original pleading, or

> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

FED. R. CIV. P. 15(c). The applicable provision in relation to the facts of this proceeding is

4

subsection (2).  Thus, in order for Plaintiff to amend the Complaint to include the $3,000,000.00

set of transfers, those transfers must have arisen out the same conduct, transactions, or

occurrence set forth in the Original Complaint.

Several bankruptcy courts have previously addressed the issue of whether allegedly

preferential transfers sought to be added by an amended complaint, arise out the same conduct,

transactions, or occurrence.  Many of those courts have held that each preferential transfer in an

avoidance action is a separate and distinct transaction between the debtor and the creditor.  *See*,

*Peltz v. CTC Direct, Inc. (In re MBC Greenhouse, Co.)*, 307 B.R. 787 (Bankr.D.Del., 2004)

(finding no commonality between the new transfers sought to be added and those alleged in the

original complaint); *Coan v. O & G Industries, Inc. (In re Austin Driveway Services, Inc.)*, 179

B.R. 390, 399 (Bankr.D.Conn., 1995) (concluding that without an "underlying unifying scheme

or course of conduct" each preferential transfer should be viewed as a distinct transaction);

*Gordon v. Slaughter (In re Slaughter Co. and Associates, Inc.)*, 242 B.R. 97, 102

(Bankr.N.D.Ga., 1999) (holding that each transfer is an isolated event); *New Bedford Capacitor,*

*Inc. v. Sexton Can Co. (In re New Bedford Capacitor, Inc.)*, 301 B.R. 375 (Bankr.D.Mass., 2003)

(same).

In support of its opposition, Defendant relies on *In re MBC Greenhouse, Co.*, whose facts

are similar to the facts of the instant proceeding.  In *MBC Greenhouse*, the Plan Administrator

sought to amend its complaint for the avoidance and recovery of allegedly preferential transfers

to add, *inter alia*, additional payments that were mistakenly omitted from the complaint.  The

motion for the proposed amendment was filed after the applicable two-year statute of limitations.

Judge Peter J. Walsh, of this Court, considered carefully, several cases discussing the issue of

5

whether additional preferential transfers sought to be added after the statute of limitations relate back to the original complaint. Judge Walsh relied upon the reasoning of *Coan*, *Gordon*, and *New Bedford*, and concluded that based upon the facts, the proposed amendment did not relate back to the original complaint. Judge Walsh noted that the transfers sought to be included were not systematic or part of a scheme of payments, and further, that the complaint stated a specific amount and did not seek to avoid all the transfers within the preference period. Hence, the facts in *MBC Greenhouse* were distinguishable from other cases which had allowed amendment of the complaint and relation back under Rule 15(c). *See, Brandt v. Gerardo (In re Gerardo Leasing, Inc.)*, 173 B.R. 379 (Bankr.N.D.Ill., 1994) (allowing relation back of amendment where payments were systematic); and *Grella v. Zimmerman (In re Art & Co., Inc.)*, 179 B.R. 757 (Bankr.D.Mass., 1995) (allowing relation back of amendment where the original complaint plead facts and allegations which gave fair notice to defendants that trustee was referring to transactions during the entire course of parties' business relationship).

In order to substantiate its position, Plaintiff makes several arguments, none of which alleviates the statute of limitations defect. First, Plaintiff points out that its Complaint was filed on August 4, 2005, more than eleven weeks prior to the statute of limitations, and that the Motion was filed only twelve days after the running of the statute. (Plaintiff's Reply Brief, at 2) Plaintiff also argues that Defendant was on notice that Plaintiff intended to seek avoidance of the approximately $3,000,000.00 set of transfers both prior to and after the filing of the Complaint. Furthermore, Plaintiff notes that Defendant has not alleged that any undue delay, bad faith, dilatory motive, or prejudice is involved with regard to the amendment. Finally, Plaintiff contends that the broad language of the Complaint sought to avoid and recover, in fact, all

6

transfers made to Defendant during the preference period, not just those listed on Exhibit A to the Complaint.

Plaintiff cites to relevant authority where an amendment to the complaint was allowed based upon a finding by the court that the language of the complaint was broad enough to capture the additional transfers or there was language which indicated an intent to avoid and recover all transfers. *See*, *Global Link Liquidating Trust v. Avantel, S.A. (In re Global Link Telecom Corp.)*, 327 B.R. 711 (Bankr.D.Del., 2005); *Gordon* 242 B.R. 97.

With the exception of Exhibit A, Plaintiff's Complaint in this proceeding mostly relies upon the statutory language of §§ 547 and 550. The language of the Complaint pointed to by Plaintiff is contained in paragraph 7 of Count I. It states: "Plaintiff transferred property to or for the benefit of the Defendant on or within 90 days before the Petition Date, in at least the respective amounts and on or about the dates set forth on Exhibit A annexed hereto, which is incorporated herein by reference and made a part hereof (the "Transfers")." (Complaint, at ¶ 7) Plaintiff contends that the phrase "at least" connotes Plaintiff's intention to avoid and recover all of the transfers made to Defendant during the preference period. However, it can hardly be said that such language would or should indicate to Defendant that Plaintiff's prayer was to avoid all transfers made during the preference period. This Court therefore, finds and holds, that the Complaint was not intended to recover all potentially preferential transfers within the preference period.

## IV. Conclusion

It is evident, that the facts and circumstances of the instant proceeding are such that amendment is not proper, because as the court in *Gordon* stated, "to use the relation-back

doctrine to bootstrap new transactions onto viable actions is an abuse of due process which cannot be allowed, even to maximize recovery to the estate. *Gordon*, 242 B.R. at 103.

       **THEREFORE, IT IS HEREBY ORDERED** that the Motion of Plaintiff, Rouge Steel Company, for Leave to File an Amended Complaint is **DENIED** in its entirety.

Dated: January 19, 2006
      Wilmington, DE

                              BY THE COURT:

                              PAUL B. LINDSEY
                              UNITED STATES BANKRUPTCY JUDGE